Randall R. Walton, Esq. (SBN: 187916)
WALTON LAW FIRM
338 Via Vera Cruz, Suite 250
San Marcos, CA 92078
Telephone: (760) 571-5500
Facsimile: (760) 571-5501
E-Mail: rwalton@legalpad.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. VEASLEY, a minor, by and through her Guardian ad Litem, RODNEY VEASLEY; and MILDRED VEASLEY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. **'12CV3053 WQHWVG**<br><br>COMPLAINT FOR PERSONAL INJURIES<br><br>Federal Tort Claims Act<br>28 U.S.C. Section 2671, *et seq.*<br>28 U.S.C. Section 1346(b), *et seq.*<br>28 U.S.C. Section 1367<br>28 U.S.C. 1402(b), *et seq.* |

COME NOW plaintiffs, B. VEASLEY, a minor, by and through her Guardian ad Litem, RODNEY VEASLEY; and MILDRED VEASLEY, and for causes of action against defendants, allege as follows:

## INTRODUCTION

1.     The injuries and damages upon which this action is based occurred at the Naval Hospital Camp Pendleton and Naval Medical Clinic in Camp Pendleton, California.

2.     RODNEY VEASLEY is the minor plaintiff's father.  At the time of the events leading to this action he was on active duty with the United States Marine Corps.  His dependents are therefore entitled to receive medical care from defendant UNITED STATES OF AMERICA.

///

3. Plaintiff MILDRED VEASLEY ("MS. VEASLEY") has been married to RODNEY VEASLEY for ten (10) years, and was married to RODNEY VEASLEY at all times relevant to this complaint. Plaintiff MS.VEASLEY is therefore entitled to receive medical care from defendant UNITED STATES OF AMERICA.

4. Plaintiff B. VEASLEY is a dependent child of RODNEY VEASLEY, and as such is entitled to receive medical care from defendant UNITED STATES OF AMERICA.

5. At all times herein mentioned, defendant UNITED STATES OF AMERICA was, and now is, a sovereign entity responsible for the management and operation of the Naval Hospital and Naval Medical Clinic, in Camp Pendleton, California.

6. This action is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.*, and 28 U.S.C. Section 1346(b), *et seq.*, to provide subject matter jurisdiction. Further, this court has supplemental jurisdiction over DOE defendants 1 through 20 in accordance with 28 U.S.C. Section 1367.

7. On or about January 28, 2011, plaintiffs B. VEASLEY and MS. VEASLEY submitted a claim to the Department of the Navy, Tort Claims Unit. Defendant UNITED STATES OF AMERICA denied said claim on July 6, 2012.

8. The residence and domicile of plaintiffs MS. VEASLEY and B. VEASLEY was at all times applicable the County of San Diego, State of California, Southern District of California, in accordance with 28 U.S.C. Section 1402(b).

9. The amount in controversy herein, exclusive of interest and costs, exceeds the sum of $10,000.00.

10. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for events and happenings herein referred to and caused the damages herein alleged.

- 2 -

COMPLAINT FOR PERSONAL INJURIES

11. The acts and conduct herein alleged were performed by defendants, or agents and employees of defendants acting in the course and scope of said agency and employment and with the knowledge and consent of defendants. Further, defendants are estopped from denying their liability for the facts and conduct alleged as a result of their affirmative misrepresentation and affirmative concealment of material facts regarding the circumstances giving rise to plaintiffs' injuries, including but not limited to acts of evasion, falsehood, and the alteration of documents relating to the identity and status of personnel who provided care and treatment to plaintiffs B. VEASLEY, and MS. VEASLEY.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

12. On or about September 9, 2008, MS. VEASLEY came under the care and treatment of defendants for placement of an intrauterine device (IUD), a form of birth control. Defendant performed a urine test for pregnancy at the clinic which came back negative and it inserted an IUD without difficulty.

13. On October 31, 2008, MS. VEASLEY again presented to the Camp Pendleton medical clinic to have her IUD and pregnancy test results checked with suspicion that she was pregnant. A pelvic ultrasound was conducted which confirmed the presence of one fetus. The IUD, placed only six weeks earlier, could not be seen on the ultrasound.

14. MS. VEASLEY was asked to return to return the following week for an ultrasound to identify the location of the IUD. A second ultrasound was performed and no IUD found.

15. The examining physician's Assessment and Plan notes state that plaintiff had a misplaced IUD, likely expelled soon after placement, and that she should be followed by OB for supervision of normal pregnancy.

16. Maintaining a pregnancy with an IUD in place put MS. VEASLEY and B. VEASLEY at risk.

///

///

///

COMPLAINT FOR PERSONAL INJURIES

17. On or about January 10, 2009, MS. VEASLEY began to experience cramping and contractions she believed was related to her pregnancy. She was seen the following evening at the Naval Medical Center on Camp Pendleton and, after an examination, was diagnosed with false labor and sent home. She was released without limitation.

18. After returning home from her medical visit, MS. VEASLEY continued to have cramping and pain throughout the night.

19. The following morning, January 12, 2009, MS. VEASLEY noticed blood in the toilet after urinating. She also noted that her contractions and pain were increasing, so she returned to the Naval Medical Center on Camp Pendleton. After an ultrasound and other testing was performed, MS. VEASLEY was reassured that the bleeding and cramping was not serious, and that B. VEASLEY was not at risk, and she was discharged home without limitation.

20. Throughout the day on January 12, 2009, MS. VEASLEY continued to cramp and bleed, and after a small "gush of blood" in the late afternoon she called the Naval Medical Center at Camp Pendleton to advise. Over the phone, caregivers instructed MS. VEASLEY to "rest and hydrate." No other instructions were given.

21. Later that evening, as cramping and bleeding worsened, MS. VEASLEY presented to Medical Center at Camp Pendleton again. Testing was performed, revealing pooling of blood in the posterior fornix, and bright blood was noted to be oozing from the cervix. MS. VEASLEY was sent home and advised to go on bed rest with "complete pelvic rest" until week 25 of her pregnancy.

22. Over the next week, MS. VEASLEY continued to experience cramping and bleeding.

23. On or about January 23, 2009, she presented to Naval Medical Center on Camp Pendleton as a follow up to her earlier visits. She reported her continued cramping and vaginal bleeding. An exam was performed and MS. VEASLEY was sent home on bed rest. She was promised she would be followed closely.

///

24. Two days later, on January 25, 2009, MS. VEASLY returned to Naval Medical Center on Camp Pendleton for continuing worsening vaginal bleeding and contractions. She was discharged without medications and sent home.

25. At approximately 8:30 a.m. on January 28, 2009, MS. VEASLEY walked to the Naval Medical Center on Camp Pendleton in disabling pain, suffering contractions, and continued (and increasing) vaginal bleeding. She was examined, and again sent home with no further treatment. Before leaving, MS. VEASLEY's husband RODNEY VEASLEY asked if he could obtain a second opinion after so many visits to the hospital with no explanation of the cause of MS. VEASLEY's continued bleeding and contractions, but he was informed by the hospital staff that it "wasn't sure" how to obtain a second opinion.

26. On the morning of January 30, 2009, MS. VEASLEY awoke to heavy contractions and continued bleeding. Her husband called the Naval Medical Center on Camp Pendleton and explained what was going on, and asked if there were any pain medications MS. VEASLEY could take. He was told no. At approximately 7:30 a.m., MS. VEASLEY began to scream in pain, so RODNEY VEASLEY, tired of getting no help from the on-base healthcare providers, called 911.

27. While paramedics were in route, MS. VEASLEY, with the help of her husband, spontaneously delivered B. VEASLEY, on the family bed. B. VEASLEY was born prematurely at only 23 6/7 weeks and weighed 1 lb., 8oz.

28. B. VEASLEY was transported by helicopter to Rady's Children's Hospital, where she was diagnosed with a brain hemorrhage and required a ventilator.

29. MS. VEASLEY was taken via ambulance to Naval Medical Center on Camp Pendleton, where pitocin was promptly administered, causing her to discharge two large clots, one of which contained the IUD.

///
///
///
///

30. Because of extreme low birth weight and prematurity resulting in multisystem problems, including but not limited to, respiratory problems, brain hemorrhage, anemia, jaundice, sepsis, kidney problems, eye problems, and electrolyte imbalance, B. VEASLEY has suffered permanent neurologic damage as a result of brain bleeding and hypotension/respiratory distress, causing permanent motor and cognitive deficits.

## FIRST CAUSE OF ACTION
### (Negligence)

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 30, herein above, as though set forth fully herein.

32. Defendants so negligently and carelessly cared for and treated, as well as negligently supervised the care and treatment of, plaintiffs B. VEASLEY and MILDRED VEASLEY, so as to cause plaintiffs to suffer severe injuries.

33. The negligence and carelessness of defendants, in both the placement of an IUD and in providing prenatal care, consisted of the failure to use, and to insist upon the use of, that degree of skill and care ordinarily used by health care professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances.

34. As a legal result of the negligence and carelessness of defendants, plaintiff B. VEASLEY was born prematurely, and was hurt and injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause her permanent injury in her health and physical ability, and will cause plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $10,000.00.

35. As a legal result of the negligence and carelessness of defendants, plaintiff MILDRED VEASLEY was hurt and injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause plaintiff permanent injury in her health, and will cause

plaintiff mental, physical, and nervous pain and suffering, fright, grief, anxiety, and apprehension, all to her general damage in an amount in excess of $10,000.00.

36. As a further legal cause of the negligence and carelessness on the part of defendants, plaintiffs were each required to and did incur medical, nursing, and incidental expenses and were each further required to employ the services of friends and family members to provide nursing and related services. The exact amount of such expenses are unknown to plaintiffs at this time inasmuch as the same is continuing and plaintiffs will seek leave of the court to prove said amount at the time of trial.

37. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff B. VEASLEY was permanently hurt and injured in her health and physical ability, thereby causing a loss of future earnings, all to her damage in an amount to be proven at the time of trial.

38. As a further legal result of the negligence and carelessness on the part of defendants, plaintiff B. VEASLEY was permanently hurt and injured in her health and physical ability, thereby creating the need for future care, both medical and life care needs, all to her damage in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

39. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 38, herein above, as though set forth fully herein.

40. Plaintiff MS. VEASLEY is the mother of plaintiff B. VEASLEY. Plaintiff MS. VEASLEY retained the services of defendants, and each of them, to handle the circumstances of her prenatal care, her labor, and her delivery. She was awake during the traumatic delivery of her child on January 30, 2009. As a result of the negligence of the defendants, and each of them, plaintiff MS. VEASLEY witnessed, observed, and experienced injuries caused when defendants failed to address her medical needs, and those of B. VEASLEY, in a non-negligent manner during the final weeks of her pregnancy. Furthermore, she observed and witnessed the injuries being inflicted on her child and was

then aware that they were as a result of the negligence of the defendants. Defendants, and each of them, breached the duty arising from their professional and fiduciary relationship with plaintiff MS. VEASLEY.

41. As a direct result of the conduct of the defendants, and each of them, plaintiff MS. VEASLEY has suffered severe emotional and psychological distress as a result of the sensory and contemporaneous observation of her and her child's injuries.

42. As a further direct result of the aforementioned conduct of defendants, and each of them, plaintiff MS. VEASLEY has suffered, and continues to suffer, injury to her health, strength, and activity, and continues to suffer severe psychological and emotional injury, shock, chagrin, worry, fright, apprehension, and depression of a permanent and lasting nature.

## PRAYER

WHEREFORE, plaintiffs pray judgment against defendant as follows:

1. For general and special damages as to plaintiffs MILDRED VEASLEY and B. VEASLEY in an amount to be proven at the time of trial;
2. For future medical and life care expenses;
3. For pre-judgment interest as allowed by law;
4. For costs of suit incurred herein, and
5. For such other and further relief as the court may deem just and proper.

DATED: December 21, 2012                    WALTON LAW FIRM

                                By:   s/Randall R. Walton
                                      Randall R. Walton
                                      Attorney for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Veasley, Brianna
Veasley, Mildred

### DEFENDANTS
United States of America

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Randall R. Walton, Esq., WALTON LAW FIRM
338 Via Vera Cruz, Suite 250, San Marcos, CA 92078.
Ph: (760) 571-5500

Attorneys *(If Known)*
**'12CV3053 WQHWVG**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1346(b)
Brief description of cause:
Personal injuries caused by negligence/medical malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/21/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Randall R. Walton

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____