# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. VEASLEY, a minor, by and through her Guardian ad Litem, RODNEY VEASLEY; and MILDRED VEASLEY,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>UNITED STATES OF AMERICA; and DOES 1 through 10, Inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 12-cv-3053-WGH-WVG<br><br>ORDER |

HAYES, Judge:

The matters before the Court are Motions in Limine #1-5 filed by Plaintiffs. (ECF Nos. 50-54).

## Background

On December 21, 2012, Plaintiffs commenced this action by filing the Complaint against Defendant.[1] (ECF No. 1). Plaintiffs sued Defendant for injuries arising from negligent medical care provided at the naval hospital within the Marine Corps Base, Camp Pendleton, California during the pregnancy of Mildred Veasley and the birth of B. Veasley. *Id*. at 6–8. Plaintiffs allege that "[t]he negligence and carelessness of defendants, in both the placement of an . . . [intrauterine device] and in providing

---

[1] The Complaint included "Does 1 through 20." (ECF No. 1). Plaintiff's Petition for Appointment of Guardian Ad Litem included "Does 1 though 10." (ECF No. 2). No Does have been identified; accordingly the Court refers to the United States of America as the sole defendant.

prenatal care, consisted of the failure to use, and to insist upon the use of, that degree of skill and care ordinarily used by health care professionals engaged in the practice of their profession in the same or similar locality and under the same or similar circumstances." *Id.* at 6. Plaintiffs allege that, as a result, B. Veasley was "born prematurely" and was "permanently hurt and injured in her health and physical ability." *Id.* Plaintiffs allege that B. Veasley's premature birth "will cause plaintiff mental, physical, and nervous pain . . . ." *Id.* Plaintiffs allege that Mildred Veasley was harmed, "sustaining injuries to her body[,] and shock and injury to her nervous system and person . . . ." *Id.* Plaintiffs allege that Mildred Veasley suffered "severe emotional and psychological distress . . . ." *Id.* at 8. Plaintiffs ask for "general and special damages . . . in an amount to be proven at trial," "future medical and life care expenses," "pre-judgment interest," legal costs, and "such other and further relief as the court may deem just and proper." *Id.*

On August 8, 2015, Plaintiffs filed five motions in limine. (ECF Nos. 50-54). On September 4, 2015, Defendant filed oppositions to Plaintiffs' Motions in Limine. (ECF No. 56-60). On September 11, 2015, Plaintiffs filed replies in support of their Motions in Limine. (ECF Nos. 61-64). On September 25, 2015, the Court heard oral argument on the motions in limine. (ECF No. 66).

## Discussion

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dept.*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013) (citation and quotation marks omitted). "[I]n limine rulings are not binding on the trial judge, and the judge may always change

his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

**A. Motion in Limine #1 (ECF No. 50)**

Plaintiffs move to preclude Defendant "from introducing evidence or arguing that any portion of Plaintiffs' future damages should be reduced by payments that might be made in the future by any collateral source." (ECF No. 50 at 10). Plaintiffs allege that

> despite the Collateral Source Rule, which generally prohibits evidence of any such collateral source payments, the defense will claim . . . that the amount of such collateral source benefits should be deducted from Plaintiff's economic damages, on the theory that the collateral source rule has been abrogated in medical negligence cases by California Civil Code section 3333.1. Plaintiff does not dispute the fact that section 3333.1 applies to the present case. However, . . . [Plaintiffs contend] that section does not apply to <u>future</u> benefits from any collateral source.

*Id.* at 3 (emphasis in original).

Defendant contends that section 3333.1 applies to future collateral source benefits to be received by Plaintiffs. (ECF No. 56 at 7). Defendant contends that "Section 3333.1(a) is a rule of evidence that permits collateral source benefits to be admitted so that a factfinder may, but need not, use such evidence to reduce an awarded judgment." *Id.* at 11.

California Civil Code section 3333.1 creates a limited exception to the collateral source rule and provides, in pertinent part,

> (a) In the event the defendant so elects, in an action for personal injury against a health care provider based upon professional negligence, he may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the personal injury pursuant to the United States Social Security Act, any state or federal income disability or worker's compensation act, any health, sickness or income-disability insurance, accident insurance that provides health benefits or income-disability coverage, and any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of medical, hospital, dental, or other health care services. Where the defendant elects to introduce such evidence, the plaintiff may introduce evidence of any amount which the plaintiff has paid or contributed to secure his right to any insurance benefits concerning which the defendant has introduced evidence.

Cal. Civ. Code § 3333.1.

Courts have noted that "section 3333.1(a) does not preclude plaintiffs' recovery of

future medical expenses. It allows this Court, as trier of fact, to determine how to apply future . . . [evidence of ] benefits to damage calculation." *Silong v. United States*, No. CV F 06-0474 LJO DLB, 2007 WL 2580543, at *17 (E.D. Cal. Sept. 5, 2007). *See also S.H. ex rel. Holt v. United States*, No. 2:11-CV-01963-MCE, 2014 WL 5501005, at *3 (E.D. Cal. Oct. 30, 2014) (making the same statement).

Plaintiffs' Motion in Limine #1 to preclude Defendant "from introducing evidence or arguing that any portion of Plaintiffs' future damages should be reduced by payments that might be made in the future by any collateral source" is denied without prejudice to object to specific evidence presented at trial.

**B. Motion in Limine #2 (ECF No. 51)**

Plaintiffs move to preclude evidence or argument that Plaintiffs' damages for future medical expenses should be reduced to the amounts that might be paid by private insurance. (ECF No. 51). Defendant states that it "does not plan to offer any evidence of reduced rates of future medical expenses."[2] (ECF No. 60 at 2). Accordingly, Plaintiffs' Motion in Limine #2 is granted as unopposed.

**C. Motion in Limine #3 (ECF No. 52)**

Plaintiffs move to preclude evidence or argument regarding comparative fault absent evidence of causation. (ECF No. 52) Plaintiffs contend that "even if there were evidence that Mildred Veasley and/or Rodney Veasley were negligent, such evidence would be irrelevant absent evidence that such negligence was a cause of harm to one of the Plaintiffs." *Id.* at 5. Plaintiffs contend that "[t]here has been no expert testimony on this issue, and, specifically, no expert or other testimony that suggests that Mrs. Veasley would have been treated any differently had she come to the [Labor and Delivery Unit] on January 29 than she was when she came to the [Labor and Delivery Unit] on January 28." *Id.*

---

[2] At the motion in limine hearing, Defense counsel stated that he did not oppose this motion in limine.

1    Defendant contends that its obstetrical expert, Dr. Kingston, "expressed her
2 opinion that one of the indications for hospital admission for Mildred Veasley would
3 have been a finding of cervical changes on physical examination, which would have
4 indicated a sufficient risk of imminent preterm birth to justify the admission." (ECF
5 No. 57 at 6). Defendant contends that "[t]he Court should conclude that [the expert's
6 opinion] is sufficient to support a finding of causation . . . ." *Id.* In the alternative,
7 Defendant requests that the Court "allow Defendant to offer an additional opinion from
8 its obstetrical expert, Dr. Kingston . . . ." *Id.* at 7.
9    In reply, Plaintiffs contend that Defendant's request that "its obstetrical expert,
10 [Dr.] Kingston, be permitted to add new opinions not previously expressed in her
11 original report, rebuttal report, or deposition" should be denied. (ECF No. 63 at 2).
12    Plaintiff's Motion in Limine #3 to preclude evidence or argument regarding
13 comparative fault absent evidence of causation is denied without prejudice to object
14 to specific questions or testimony presented at trial. Defendant may introduce expert
15 evidence at trial previously disclosed in Dr. Kingston's original report, rebuttal report,
16 or deposition.

17  **D. Motion in Limine #4 (ECF No. 53)**

18    Plaintiffs move to preclude Defendant "from offering expert medical testimony
19 from the Naval Hospital Camp Pendleton physicians involved in Plaintiffs' care . . . ."
20 (ECF No. 53 at 2). Plaintiffs assert that Defendant did not properly designate such
21 physicians as experts as required by Rule 26(a)(2)(A) and that such expert opinion
22 testimony "would be cumulative." *Id.* Defendant contends that it "does not intend to
23 elicit any expert testimony from the listed treating physicians regarding whether the
24 standard of care was met, whether causation exists, or any other issues." (ECF No. 59
25 at 2).
26    Plaintiff's Motion in Limine #4 is denied without prejudice to object to specific
27 questions or testimony at trial.
28

**E. Motion in Limine #5 (ECF No. 54)**

Plaintiffs move to preclude Defendant from calling "Lt. Michael Orr and Genard Jose as witnesses at trial because those witnesses were first identified by the [Defendant] in a 'Supplemental Disclosure' served more than a year after the discovery cutoff date, [and] more than five months after the close of expert witness discovery . . . ." (ECF No. 54 at 2). Plaintiffs also move to preclude Defendant "from introducing into evidence at trial the documents described as 'One Step Package Insert Back' and 'One Step Package Insert Front' . . . ." *Id.* Plaintiffs assert that the late production of those documents "was particularly problematic, because the detection limit of the pregnancy test used on Mildred Veasley is an issue in this case." *Id.* at 3. Plaintiffs assert that allowing Defendant "to call these witnesses or to introduce these documents" would be prejudicial. *Id.* at 4.

Defendant "request the Court deny Plaintiffs' request to preclude admission of the document, or the witness to authenticate it, since the late disclosure was inadvertent, and Plaintiffs were not prejudiced because the information that the document existed was communicated shortly after its relevancy became apparent." (ECF No. 58 at 2). Defendant asserts that approximately three months before the close of discovery Plaintiffs were given the necessary information about the detection limit of the pregnancy test in Defendant's obstetrical expert report. *Id.* at 2. Defendant asserts that Plaintiff also received a copy of the package insert when they deposed Defendant's obstetrical expert. *Id.* at 4.

In reply, Plaintiffs assert that they were prejudiced by the failure to disclose the documents because they only learned of the specific pregnancy test used on Mildred Veasley "after Plaintiffs' obstetrical expert's initial and rebuttal reports were completed, and after his deposition was completed." (ECF No. 61 at 4). Plaintiffs assert that they were prejudiced by Defendant's failure to timely identify the two witnesses because they were deprived of the opportunity to "take their deposition" and "to pursue any

1  discovery the need for which might have been exposed by their depositions." *Id*. at 4.
2  Plaintiffs contend that Defendant had no good cause for the late disclosure. At the
3  motion in limine hearing, Plaintiffs stated that they are not trying to exclude
4  Defendant's expert's opinion; rather, Plaintiffs are trying to exclude the package inserts
5  themselves.

6  Federal Rule of Civil Procedure 37(c)(1) states

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless. In addition to or instead of that sanction, the court, on motion and after giving an opportunity to be heard may:
> (A) order payment of reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions . . .

Fed. R. Civ. P. 37(c)(1).

13  Defendant has not demonstrated that its failure to timely produce the documents
14  described as "One Step Package Insert Back" and "One Step Package Insert Front" or
15  identify the witnesses, Lt. Michael Orr and Genard Jose, was "substantially justified or
16  harmless." *See* Fed. R. Civ. P. 37(c)(1). Plaintiffs' Motion in Limine #5 to preclude
17  the testimony of Lt. Michael Orr and Genard Jose and to preclude Defendant "from
18  introducing into evidence at trial the documents described as 'One Step Package Insert
19  Back' and 'One Step Package Insert Front'" is granted.

## Conclusion

21  IT IS HEREBY ORDERED that:

22  Plaintiffs' Motion in Limine #1 (ECF No. 50) is denied without prejudice to
23  object to specific evidence as it is presented at trial. Plaintiffs' Motion in Limine #2
24  (ECF No. 51) is granted as unopposed. Plaintiffs' Motion in Limine #3 (ECF No. 52)
25  is denied without prejudice to object to specific questions or testimony as it is presented
26  at trial. Plaintiffs' Motion in Limine #4 (ECF No. 53) is denied without prejudice to
27  object to specific questions or testimony as it is presented at trial. Plaintiffs' Motion in
28

1  Limine #5 (ECF No. 54) to preclude the testimony of Lt. Michael Orr and Genard Jose
2  is and to preclude Defendant "from introducing into evidence at trial the documents
3  described as 'One Step Package Insert Back' and 'One Step Package Insert Front'" is
4  granted.

5  DATED: October 15, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge